UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

**Christian Parler,**
**individually and on behalf of others**
**similarly situated,**

    Plaintiffs,

v.

**KFC Corporation,**

    Defendant.

Civil No. 05-2198 (PJS-JJG)

**REPORT**
**AND**
**RECOMMENDATION**

---

This matter comes before the undersigned on December 21, 2006 on the plaintiffs' motion to decertify and to add new plaintiffs (Doc. No. 135). Paul J. Lukas, Esq., Donald H. Nichols, Esq., and Michele R. Fisher, Esq., appeared on behalf of the plaintiffs. Robert P. Davis, Esq., and Robert R. Reinhart, Esq. appeared on behalf of defendant KFC Corporation.

### I.  BACKGROUND

The plaintiffs, Christian Parler and others employed as assistant general managers by defendant KFC Corporation, bring action under the Fair Labor Standards Act (FLSA) and similar state wage laws. They allege that they were improperly exempted from overtime pay requirements. There are currently about one thousand plaintiffs, from twenty-nine states, participating in this litigation.

The plaintiffs principally bring a collective action under § 16(a) of the FLSA, which provides in relevant part,

> An action to recover [under the FLSA] may be maintained against any employer . . . by any one or more employees for and in behalf of himself and other employees similarly situated. No employee shall be party

> plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

28 U.S.C. § 216(b). The statute provides that similarly situated plaintiffs, who consent in writing to join the action, may participate in the collective action. Where a collective action is pleaded, a two-phase procedure is used to determine whether the opt-in plaintiffs are similarly situated.

The first phase is conditional certification. At this phase, the court considers whether there is a colorable basis to show the existence of a group of similarly situated plaintiffs. This inquiry is not particularly intensive, and on an appropriate showing, conditional certification is granted and notice is given to prospective opt-in plaintiffs. The second phase is decertification, which ordinarily occurs by a motion from the defendant at the conclusion of discovery. The court reexamines whether the plaintiffs are similarly situated, this time with greater scrutiny. Should the litigation survive decertification, the collective action proceeds to trial. *See, e.g., Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1102 (10th Cir. 1998);[1] *Smith v. Heartland Automotive Servs., Inc.*, 404 F.Supp.2d 1144, 1149 (D.Minn. 2005).

In this litigation, collective certification was previously granted, and the *plaintiffs*, rather than the defendants, now move for decertification. Because their job duties differ on a restaurant-by-restaurant basis, the plaintiffs concede that they are not similarly situated. This conclusion is not contested by KFC. The issue on this motion, instead, is the appropriate remedy. The plaintiffs argue that they should be organized into separate groups, state by state, and have venue transferred to the appropriate federal district

---

[1] Although *Thiessen* involves collective actions under the Age Discrimination in Employment Act, that act expressly incorporates the collective action procedure of the FLSA, and so it is equally controlling here. *See, e.g., Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1212 (5th Cir. 1995).

court. KFC counters that the appropriate remedy is to dismiss the opt-in plaintiffs without prejudice.

## II. ANALYSIS

Federal authorities consistently state that, where decertification is granted in an action under the FLSA, the opt-in plaintiffs are dismissed without prejudice and the named plaintiffs proceed to trial. *See, e.g., Hipp v. Liberty Nat'l Life Ins. Co.*, 252 F.3d 1208, 1214-15 (11th Cir. 2001) (quoting *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995)); *Scholtisek v. Eldre Corp.*, 229 F.R.D. 381, 387 (W.D.N.Y. 2005) (same); *Smith*, 404 F.Supp. 2d at 1149 (same).

Although the current motion occurs after conditional certification, some additional guidance may be provided by cases at this procedural stage. Where plaintiffs show some common policy or conduct between employees in a particular state or geographic area, some authorities have granted conditional certification for that area. *See Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006); *Bernard v. Household Int'l, Inc.*, 231 F.Supp. 433, 434 (E.D.Va. 2003); *Bayles v. American Medical Response of Colorado, Inc.*, 962 F.Supp. 1346, 1347-48 (D.Colo. 1997). But where plaintiffs fail to show such a common policy, even conditional certification is denied. *See Saxton v. Title Max of Alabama, Inc.*, 431 F.Supp.2d 1185, 1188 (N.D.Ala. 2006); *Miekle v. Laidlaw Transit, Inc.*, 313 F.Supp.2d 759, 764 (N.D.Ill. 2004).

In the papers supporting their motion, the plaintiffs did not offer evidence supporting their reorganization into state-by-state groups. But at the motion hearing, they alluded to evidence about the existence of common state policies. Given the state of the record, this Court declines the parties' invitation to make findings on whether plaintiffs in certain areas are similarly situated. The plaintiffs have not adequately shown a common policy, unique to employees in any particular state, that would justify their

reorganization into state-by-state groups. And it is probable, moreover, that such groups would not even qualify for conditional certification. *Cf. Saxton*, 431 F.Supp. at 1188; *Mielke*, 313 F.Supp.2d at 764.

To show that reorganization and transfer of venue is appropriate, the plaintiffs primarily rely on *England v. New Century Financial Corp.*, from the Middle District of Louisiana. The court in that case denied conditional certification. Because potential opt-in plaintiffs had cognizable claims, the court granted them time to file individual actions, which would then be transferred to an appropriate venue. 370 F.Supp.2d 504, 511 (M.D.La. 2005).

The plaintiffs suggest that *England* recognized the authority of a court to transfer opt-in plaintiffs into another venue after decertification. This argument is misdirected for several reasons. *England* involved conditional certification, not decertification. Assuming that opt-in plaintiffs were part of the action, the court did not grant them a direct transfer of venue. Instead the court instructed those plaintiffs to *file separate actions*, which implies that they were either excluded or dismissed without prejudice from the failed collective action. Only after these filings did the court contemplate transfer of venue.

There is reason to believe, furthermore, that the remedy offered by in *England* is a novel one. It did not cite any authorities, other than 28 U.S.C. §§ 1406 and 1431, authorizing such a procedure. The first statute, § 1406, allows a court to transfer an improperly venued matter. The other statute, § 1431, allows a court to transfer venue where it lacks jurisdiction.

Because the plaintiffs are appropriately dismissed without prejudice, it is not necessary to decide transfer of venue. Even if this question were presented for decision before this Court, the plaintiffs allege no facts demonstrating that venue in the District of Minnesota is improper. So it is not reasonable to consider transfer for reasons of improper venue under § 1406. *Cf. Gilbert v. Texas Mental Health &*

*Mental Retardation*, 888 F.Supp. 775, 778 (N.D.Tex. 1995) (initially examining whether venue was appropriate under 28 U.S.C. § 1404); *Professional Ass'n Travel Serv., Inc. v. Arrow Air, Inc.*, 597 F.Supp. 475, 476 (D.D.C. 1984) (considering facts that required transfer of venue).

In addition to transfer of venue, the plaintiffs also seek to add eighty-two opt-in plaintiffs who did not timely file their consent to join this collective action. KFC does not oppose their joinder, in part because it believes these plaintiffs may also be dismissed following decertification. Because this Court finds it appropriate to dismiss all current opt-in plaintiffs without prejudice, the issue regarding any late opt-in plaintiffs may be set aside as moot.

### III.   CONCLUSION

Because the plaintiffs concede that the existing opt-in plaintiffs, when examined as a whole, are not similarly situated, this Court concludes decertification is appropriate. The plaintiffs contend that they may be reorganized into state-by-state groups, to proceed as separate actions in other federal district courts. But there is inadequate factual support and no legal support for this remedy. So this Court concludes it is appropriate for the existing opt-in plaintiffs to be dismissed without prejudice. In accordance with ordinary practice, this Court further concludes that the order should be stayed for an appropriate period, in which the opt-in plaintiffs may separately re-file their actions.

### IV.   RECOMMENDATION

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.   The plaintiffs' motion for decertification and to add new plaintiffs (Doc. No. 135) be

   **GRANTED IN PART AND DENIED IN PART** in accordance with the directions of

      this report and recommendation.

2.    Existing opt-in plaintiffs in this action be **DISMISSED WITHOUT PREJUDICE** and no further opt-in plaintiffs be permitted to join this action.

3.    Should an order adopt this report and recommendation, that order be **STAYED** for sixty days.

Dated this 22nd day of January, 2007.      s/Jeanne J. Graham

      JEANNE J. GRAHAM
      United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections by February 8, 2007. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed 3,500 words. The District Court shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties stipulate that the District Court is not required, under 28 U.S.C. § 636, to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.