UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| CHRISTIAN PARLER, et al., individually and on behalf of all other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KFC Corporation,<br><br>Defendant. | Case No. 05-CV-2198 (PJS/JJG)<br><br><br>ORDER |

Donald H. Nichols, Michele R. Fisher, Paul J. Lukas, Rachhana T. Srey, and Sarah M. Fleegel, NICHOLS KASTER & ANDERSON, PLLP, for plaintiffs.

Robert P. Davis and Robert C. Varnell, MAYER BROWN ROWE & MAW; and Robert R. Reinhart and Gabrielle D. Mead, DORSEY & WHITNEY LLP, for defendant.

This matter is before the Court on plaintiffs' objection to Magistrate Judge Jeanne J. Graham's January 22, 2007 Report and Recommendation ("R&R"). Judge Graham recommends (1) granting plaintiffs' motion for decertification; (2) dismissing the opt-in plaintiffs without prejudice; (3) prohibiting the late opt-in plaintiffs from joining this action; and (4) staying any order adopting the R&R for sixty days. The Court has conducted a de novo review. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiffs do not object to any of these recommendations except the third. With respect to that recommendation, the Court agrees with plaintiffs that, because defendant has indicated that it does not oppose the joinder of plaintiffs who filed their consent forms as of December 1, 2006, the Court should permit those plaintiffs to join this action before being dismissed in order to preserve their rights. The Court does not adopt the R&R insofar as it recommends to the contrary.

As noted, plaintiffs do not object to any of Judge Graham's remaining recommendations. But plaintiffs do object to Judge Graham's statement that, "[b]ecause their job duties differ on a restaurant-by-restaurant basis, the plaintiffs concede that they are not similarly situated." R&R at 2.  Plaintiffs argue that their concession was narrower than Judge Graham's characterization and ask the Court to "correct" the R&R in order to prevent defendant from using this statement against plaintiffs in subsequent litigation.

Judge Graham was not, in this sentence, making any factual finding.  Rather, she was characterizing statements made by plaintiffs in their papers.  Those statements speak for themselves.  Other courts need not rely on Judge Graham to tell them what plaintiffs did or did not concede in this litigation; those courts can look directly at the plaintiffs' representations and make their own decisions.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT:

1. Plaintiffs' motion for decertification and to add plaintiffs [Docket No. 135] is GRANTED in part and DENIED in part.

2. The motion is GRANTED as follows:

    a. All plaintiffs who filed a notice of consent with the Court as of December 1, 2006 are permitted to join this action.

    b. The claims of existing opt-in plaintiffs, including those newly joined under paragraph 2(a) of this Order, are DISMISSED WITHOUT PREJUDICE.

3. Paragraph 2(b) of this Order is STAYED for sixty days.

4. Plaintiffs' motion is DENIED in all other respects.


Dated: June 4 , 2007                     s/Patrick J. Schiltz
                                         Patrick J. Schiltz
                                         United States District Judge